UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MAHER AHMED NAGI,<br><br>    Defendant. | No. 2:23-cv-02497-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 16.) |

Plaintiff, GS Holistic, LLC, moves the court for default judgment against defendant Maher Ahmed Nagi.[1] (ECF No. 16.) Specifically, plaintiff seeks a default judgment against defendant for statutory damages in the amount of $150,000.00 on claims of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. 1051 et seq., costs of $781.60, and injunctive relief.[2]

////

---

[1] Plaintiff has brought suit against "defendants" Maher Ahmed Nagi and Maher Ahmed Nagi, doing business as A&S Smoke Shop & Vape. (*See* ECF No. 1.) However, as discussed below, plaintiff alleges A&S Smoke Shop & Vape is a sole proprietorship, therefore it is duplicative to sue both. *See infra* Part III.A. Accordingly, the court will analyze this motion relating to defendant Maher Ahmed Nagi only.

[2] This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

Defendant has neither appeared nor opposed the motion. The court previously ordered this motion submitted without appearance and argument pursuant to Local Rule 230(g). (ECF No. 17.) For the reasons set forth below, plaintiff's motion for default judgment is DENIED without prejudice, and the complaint is DISMISSED with LEAVE TO AMEND.

## I. BACKGROUND

Since 2020, plaintiff has marketed and sold glass infusers and accessories using the well-known trademark "Stündenglass." (ECF No. 1 at ¶ 7.) Plaintiff is the owner of three federally registered trademarks in association with these goods:

 a. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in international class 011;
 b. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in international class 034,
 c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in international class 034.

(*Id.* ¶ 11.)

Plaintiff has used the Stündenglass trademarks in commerce continuously since 2020 in connection with the manufacturing of glass infusers and accessories. (*Id.* ¶ 12.) Plaintiff has expended substantial time, money, and other resources in developing, advertising, and promoting its trademarks, resulting in wide public recognition of its products as being high-quality. (*Id.* ¶¶ 12-21.) Plaintiff's products have a higher sales value than other similar products, and plaintiff's products have been targeted by counterfeiters. (*Id.* ¶¶ 21-23.)

The complaint alleges plaintiff's investigator purchased a Glass Infuser which had packaging with the three Stündenglass Marks affixed to it for $322.13 from A&S Smoke Shop & Vape, and determined it was counterfeit. (*Id.* ¶ 29.) Plaintiffs never authorized defendant to sell any merchandise bearing any of the Stündenglass Marks. (*Id.* ¶ 32.) Plaintiff claims defendant Nagi "authorized, directed, and/or participated in A&S Smoke Shop's offer for sale, in commerce, of the Counterfeit Goods." (*Id.* ¶ 30.) Plaintiff alleges that the use of the counterfeit marks began after registration of the trademarks. (*Id.* ¶ 31.)

1   Plaintiff initiated this action on October 27, 2023, asserting claims for Federal Trademark
2   Counterfeiting and Infringement, 15 U.S.C. § 1114, and Federal False Designation of Origin and
3   Unfair Competition, 15 U.S.C. § 1125(a). (*See* ECF No. 1.) Plaintiff filed an extension of time to
4   perfect service on defendant (ECF No. 5), which the court granted (ECF No. 6). Returns of
5   service filed in February 2024 indicated Maher Ahmed Nagi, doing business as A&S Smoke
6   Shop & Vape, was served by personal service, and Maher Ahmed Nagi was served by substituted
7   service at the place of business. (ECF No. 7.) On April 3, 2024, plaintiff filed a second motion for
8   an extension of time to serve defendant because they stated that Nagi and A&S Smoke Shop &
9   Vape were served via substitute service at the place of business, but that some courts in the
10  Eastern District of California have found substituted service improper in other cases involving
11  this plaintiff. (ECF No. 11.) Plaintiff stated they attempted to serve defendant at a different
12  address in Ripon, California, on five occasions, and were unsuccessful. (*Id.*) The court granted
13  this motion. (ECF No. 12.) On July 9, 2024, plaintiff filed returns of service for Nagi and A&S
14  Smoke Shop & Vape. (ECF No. 13.)

A & S Smoke Shop & Vape is alleged to be a sole proprietorship business formed in California with its principal place of business at 1725 Prescott Road in Modesto, California. (ECF No. 1 ¶ 5.) Defendant Maher Ahmed Nagi is allegedly domiciled in and a resident of Modesto, California, and is a citizen of California and conducts and solicits business in California. (*Id.* ¶ 6.)

Plaintiff filed a request for Clerk's Entry of Default as to Nagi and A&S Smoke Shop & Vape (ECF No. 14), however, the Clerk entered default as to defendant Nagi only on July 17, 2024. (ECF No. 15.) Plaintiff's motion for default judgment filed on August 6, 2024 (ECF No. 16) is now before the court.

## II.   LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

3

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *accord Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys.*, 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

### III.  DISCUSSION

#### A.  Duplicative Defendants

Plaintiff asserts the same claims against both Nagi and Nagi doing business as A&S Smoke Shop & Vape. However, plaintiff alleges that A&S Smoke Shop & Vape is a sole proprietorship. (ECF No. 1 at 2.) Unlike other business entities, a sole proprietorship has no legal existence separate from its owner. *Providence Wash. Ins. v. Valley Forge Ins.*, 42 Cal.App.4th 1194, 1199 (1996) ("A sole proprietorship is not a legal entity itself. Rather, the term refers to a natural person who directly owns the business . . . .") (citation omitted) (emphasis omitted). A sole proprietorship may operate under a fictitious business name, *see* Cal. Bus. & Prof. Code § 17900 *et seq.*, however, "[t]he business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." *Providence Wash. Ins.*, 42 Cal.App.4th at

1200. Since A&S Smoke Shop & Vape is allegedly a sole proprietorship operated by Nagi, it is legally indistinguishable from him. See *Harrison v. Portfolio Grp. Management, Inc.*, 2021 WL 2550991, at *4 (E.D. Cal. June 22, 2021); *GS Holistic, LLC v. Nasher*, 2024 WL 1092915, at *2 (E.D. Cal. Mar. 13, 2024); *see also Sharemaster v. U.S. Sec. & Exchange Comm'n*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017). Therefore, plaintiff's claims against Nagi doing business as A&S Smoke Shop & Vape are duplicative of his claims against Nagi as an individual. Accordingly, plaintiff's motion for default judgment against defendant Nagi doing business as A&S Smoke Shop & Vape should be denied. See *GS Holistic, LLC v. Nasher*, 2024 WL 1092915, at *2 (E.D. Cal. Mar. 13, 2024).

Further, the court notes that Clerk's Entry of Default was only entered against defendant Nagi individually, and not A&S Smoke Shop & Vape. (ECF No. 15.) Because suing both the sole proprietorship and the individual is duplicative, the fact that default was not entered against both is not an issue here.

**B.    Jurisdiction**

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal trademark law, 15 U.S.C. § 1051, et seq. In addition, the court has personal jurisdiction over defendant Nagi, who is alleged to be a California resident. (ECF No. 1, ¶¶ 5-6.) A&S Smoke Shop & Vape allegedly has its principal place of business in California. (*Id.*)

**C.    Service of Complaint**

In reviewing a motion for default judgment, the court must determine whether defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c).

A return of service filed on July 9, 2024, indicates defendant Nagi[3] was served by substituted service with delivery to Abdul Nagi, listed as Father/Occupant at Nagi's "home" at

---

[3] A&S Smoke Shop & Vape was served at the same time as defendant Nagi. (ECF No. 13 at 5-8.)

3636 Historic Court in Modesto, California. (ECF No. 13 at 1.) The registered process server provided a declaration setting forth three prior attempts at personal service. (*Id.* at 3.) The process server also indicated the service documents were subsequently mailed to defendant Nagi. (*Id.* at 4.) Plaintiff previously filed a return of service on February 29, 2024, indicating that defendant Nagi was served via substituted service at Nagi's business located at 1725 Prescott Road in Modesto, California. (ECF No. 7-1 at 1.) Delivery was made to Aemen Alsaidi, who is listed as "Administrator/Accepting service." (*Id.*) The registered process server provided a declaration setting forth two prior attempts at service made at this location and indicated that the service documents were mailed to defendant Nagi at this location. (*Id.* at 3-4.) Based on the information in the returns of service, it appears defendant Nagi was properly served. *See* Fed. R. Civ. P. 4(e)(1) (an individual may be served by following state law in the state where the district court is located); Cal. Civ. Proc. Code § 415.20(b) (providing for substituted service for an individual in lieu of personal delivery when the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, and which may be accomplished by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, or usual place of business and by thereafter mailing copies to the person to be served at the place where the initial copies were left); *see also* Fed. R. Civ. P. 4(e)(2)(B) (an individual may be served by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there); *G.S. Holistic, LLC v. AA 110*, 2024 WL 2848455, at *2 (E.D. Cal. June 4, 2024) (finding substituted service on individual appropriate).

### D.  Application of *Eitel* Factors

"The second and third *Eitel* factors both examine the merits and sufficiency of a plaintiff's complaint, and accordingly, are often analyzed together." *Johnson v. Qolor LLC*, 2022 WL 3348589, at *1 (N.D. Cal. Aug. 12, 2022) (internal quotation marks and citations omitted). The court considers whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *PepsiCo*, 238 F. Supp. 2d at 1175.

Plaintiff brings two claims: (1) trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., and (2) false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq. (ECF No. 1 at ¶¶ 52-68.) Courts have noted there is "no material difference in the law governing relief" for these claims. *Menendez v. Saks & Co.*, 485 F.2d 1355, 1375 n.22 (2nd Cir. 1973), rev'd sub nom. on other grounds, *Alfred Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682 (1976); *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ("The test for false designation under the Lanham Act, as well as the . . . statutory unfair competition claims, is whether there was a 'likelihood of confusion.'") (citation omitted), *modified on other grounds by Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005).

To state a claim for relief under either statute, a complaint must allege the plaintiff: (1) "has a protectible ownership interest in the mark"; (2) that defendant used the mark; and (3) "that the defendant's use of the mark is likely to cause consumer confusion." *Dep't of Parks & Rec. for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Production Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998); *see also AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (setting forth eight factors of consideration) *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003). To make this determination, courts look to the eight *Sleekcraft* factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1027 (9th Cir. 2024). The test set forth in *Sleekcraft* is pliant: some factors are much more important than others, and the relative importance of each is case-specific. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999)) (noting it is often possible to determine whether there is likelihood of confusion after considering a subset of factors).

1      First, federal registration of a trademark or trademarks is prima facie evidence of
2 ownership of a valid trademark. 15 U.S.C. § 1057(b); *Brookfield Commc'ns*, 174 F.3d at 1047.
3 The complaint's allegations adequately allege a protectible interest. However, even accepting all
4 well-pled factual allegations as true as required for default judgment motions, the complaint does
5 not allege sufficient facts to support plausible allegations that defendant used plaintiff's Marks in
6 an infringing or counterfeiting manner.

7      Second, the complaint lacks sufficient factual allegations to plausibly conclude defendant
8 used plaintiff's Marks. The complaint alleges that on October 20, 2022, plaintiff's investigator
9 "purchased a Glass Infuser that had packaging with the Stündenglass Marks affixed to it, from
10 A&S Smoke Shop, for a cost of $322.13[.]" (ECF No. 1 at ¶ 29.) The investigator also observed
11 that A&S Smoke Shop & Vape had glass infusers which had packaging displaying the three
12 Marks. (*Id.*) While plaintiff alleges that all three Marks were included on the packaging, plaintiff
13 has not explained how one product can bear trademarks associated with two different
14 international classes of goods. *See* ECF No. 1 at ¶ 10(a) (Mark associated with international class
15 011); *id.* at ¶ 10(b)-(c) (Marks associated with international class 034); *see also GS Holistic, LLC
16 v. Mr Vape Smoke Shop*, 2024 WL 4545885, at *3 n.4 (E.D. Cal. Oct. 22, 2024); *G.S. Holistic,
17 LLC v. Shinwar*, 2024 WL 3890082, at *5 (E.D. Cal. Aug. 20, 2024). Plaintiff's motion for
18 default judgment appears to provide some clarity on this issue by stating that the glass infusers
19 can be used either for smoking purposes or infusing foods and drinks, however this does not
20 adequately explain why all three marks are on one packaging.

21      Also, plaintiff states in a conclusory manner that an investigator purchased a glass infuser
22 that had packaging with the Marks on it, "and it was a Counterfeit product in that its packaging
23 displayed the Infringing Marks." (ECF No. 1 at ¶ 29.) However, plaintiff does not explain how
24 the investigator determined the product was a counterfeit or the process the investigator used to
25 confirm the similarities of the trademarks. Other courts have noted that if defendant is reselling
26 plaintiff's products, this is not infringement. *See Shinwar*, 2024 WL 3890082, at *5; *GS Holistic,
27 LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *5 (C.D. Cal. July 10, 2023) (citing *NEC
28 Electronics v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (noting that the sale of a

genuine trademarked product by an unauthorized seller is not a violation of the Lanham Act)). Also, merely asserting that the infuser sold at A&S Smoke Shop & Vape is a "counterfeit product" is a conclusory statement that is not taken as true. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (the court is not required to accept as true legal conclusions in a complaint "merely because they are cast in the form of factual allegations"); *see also GS Holistic, LLC v. Cigarette Outlet Smoke Shop*, 2024 WL 519783, at *2 (E.D. Cal. Feb. 9, 2024) (denying plaintiff's motion for default judgment for, among other reasons, the complaint's reliance on conclusory statements that "the Glass Infuser [defendant] sold to Plaintiff's investigator was a Counterfeit Good with an Infringing Mark affixed to it"). Plaintiff's complaint also states that defendant's use of the Marks "began after the registration of the Stündenglass Trademarks" (ECF No. 1 ¶ 31), but plaintiff does not provide any details about when the use started.

Third, the complaint does not allege sufficient facts to support a plausible claim for infringement regarding a consumer's likelihood of confusion. The complaint does not contain any photographs or product descriptions that demonstrate the similarities between the marks; no allegations of actual confusion; no description of the marketing channels used; and no description of the degree of care consumers will likely exercise in purchasing the goods. The complaint makes only conclusory statements related to confusion, such as defendant uses "images and names identical to or confusingly similar to the Stündenglass Marks, to confuse customers and aid in the promotion and sale of" the allegedly counterfeit goods (ECF No. 1 at ¶ 35), and defendant's unauthorized use of counterfeit marks "on and in connection with Defendants' offer for sale in commerce is likely to cause confusion or mistake in the minds of the public" (*id.* ¶ 54). The complaint also makes conclusory statements that A&S Smoke Shop & Vape has "distributed, provided, marketed, advertised, promoted, offered for sale, and sold its water pipes in packaging that bears the Infringing Marks through its retail convenience store." (*Id.* ¶38.) However, these conclusory statements lack factual support and are insufficient for the purposes of default judgment. *See Paulsen*, 559 F.3d at 1071; *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); *see also GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *4 (denying default judgment because the complaint failed to allege facts supporting a *Sleekcraft* analysis and

1 relied on conclusory statements about the likelihood of confusion). Plaintiff's motion references the *Sleekcraft* factors and provides photographs of the packaging of the allegedly counterfeit product that has the Marks, but plaintiff does not apply the applicable legal standards. ECF No. 16 at 16; ECF No. 16-8; *see Shinwar*, 2024 WL 3890082, at *6.

The complaint also fails to adequately allege that defendant sold a counterfeit product because the complaint does not describe the similarities of the marks. Instead, the complaint relies on conclusory statements such as that "[t]he marks affixed to the Counterfeit Goods that the Defendants have offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the Stündenglass Trademarks" and that "[t]he marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d)." (ECF No. 1 at ¶ 27.) Plaintiff's allegation that an "investigator purchased a Glass Infuser that had packaging with the Stündenglass Marks affixed to it . . . and it was a Counterfeit product in that its packaging displayed the Infringing Marks" is also a conclusory statement, which is not taken as true. ECF No. 1 at ¶ 29; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff also does not explain the types of goods defendant sold in the past, other than the one glass infuser sold to its investigator in October 2022. (ECF No. 1 at ¶ 29.) The complaint fails on the counterfeit theory as well. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (reminding that a counterfeit analysis requires analysis of whether the defendant used a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, and the genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark); *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *3 (E.D. Cal. Mar. 11, 2024) (rejecting counterfeit theory on default judgment motion because of the complaint's failure to allege facts supporting the claim and otherwise reliance on conclusory assertions that defendant's goods were counterfeit).

Because the complaint fails to sufficiently plead facts supporting trademark infringement and counterfeiting, or false designation of original claims, plaintiff has failed to satisfy the second and third *Eitel* factors and the undersigned recommends denial of plaintiff's motion for default

judgment.

### E. Stündenglass Marks Suits in Federal Courts

The court notes that plaintiff has brought many similar claims about the Stündenglass Marks against other defendants. *See Mr Vape Smoke Shop*, 2024 WL 4545885, at *3 (collecting cases). Some judges have granted plaintiff's motions for default judgment. *See, e.g.*, *GS Holistic, LLC v. Cloud City Discount Cigarettes*, 2024 WL 3441441, at *5 (E.D. Cal. July 17, 2024) (granting default judgment in part and limiting damages to $5,000); *GS Holistic, LLC v. Nasher*, 2024 WL 1994707, at *1 (E.D. Cal. May 6, 2024) (same). But numerous other courts in the Ninth Circuit have found vague and conclusory allegations made by plaintiff to be insufficient to grant default judgment. *See, e.g.*, *Shinwar*, 2024 WL 3890082, at *8 (denying motion for default judgment without prejudice because plaintiffs allegations were vague and conclusory and did not satisfy the second and third *Eitel* factors); *Mr Vape Smoke Shop*, 2024 WL 4545885, at *3 (same); *J's Smoke Shop*, 2024 WL 1054899, at *2-3 (same); *GS Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2-3 (E.D. Cal. Jan. 12, 2024) (same). For the reasons stated above, the undersigned agrees with the cases finding plaintiff's allegations vague and conclusory and that default judgment is not appropriate under the second and third *Eitel* factors.

### IV. CONCLUSION

The court finds the second and third *Eitel* factors are not met, and denies plaintiff's motion for default judgment. *See Akrura Pte. Ltd. v. Apero Tech. Grp.*, 2024 WL 2982971, at *1 (C.D. Cal. Apr. 16, 2024). The court therefore dismisses the complaint with leave to amend because plaintiff may be able to cure its defects. Plaintiff is instructed to ensure that any amended pleading cures defects identified in this order, if such defects can be cured, and to ensure that plaintiff carries its burden on any subsequent motion for default judgment.

If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If plaintiff does not timely file an amended complaint, this will result in a recommendation that this action be dismissed.

11

**ORDER**

For the reasons set forth above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for default judgment (ECF No. 16) is DENIED WITHOUT PREJUDICE;
2. The complaint (ECF No. 1) is DISMISSED; and
3. Plaintiff is GRANTED LEAVE to file an amended complaint within thirty (30) days of this Order.

Dated:  March 6, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, gsho.2497.23